Common Pleas Court of Stark County.

IN RE ESTATE OF A. T. DENNIS, DECEASED.

Decided January 17, 1928.

*Loren E. Souers,* for the administrator and Florence G. Dennis.

*Urban A. Wernet,* for First Trust & Savings Bank, Exceptor.

AGLER, J.

This matter comes before this court on an appeal taken upon exceptions to the inventory filed by the National-Ben

Franklin Fire Insurance Company et al, creditors of the estate of A. T. Dennis.

There is no dispute as to the facts. The facts, in substance, are that prior to October 30, 1918, Florence G. Dennis was the owner of lot number 5614 in the city of Canton, Ohio. On October 30, 1918, said Florence G. Dennis and Alvin T. Dennis her husband, conveyed said lot to one Ruth Hammen by deed. That thereafter on the same day Ruth Hammen, an unmarried person, executed and delivered to Florence G. Dennis and Alvin T. Dennis her deed for said premises. That Alvin T. Dennis died December 7, 1922, and the title to said premises remained as fixed by said last deed. That A. T. Dennis was the duly authorized agent for certain insurance companies, and as such agent he was at the date of his death indebted to the various insurance companies for premiums collected from various policy holders. That Samuel F. Bowman was duly appointed and qualified as administrator of the said A. T. Dennis, and filed his inventory and appraisement, and did not list any real estate that belonged to the estate of A. T. Dennis, deceased.

It is upon his failure and refusal to list real estate that these exceptions are filed, and the question presented is whether under the deed of October 30, 1918, executed by Ruth Hammen as aforesaid, A. T. Dennis was at the day of his death possessed of any real estate or interest therein.

Said deed provides "Do give, grant, bargain, sell and convey unto said grantees, Florence G. Dennis and Alvin T. Dennis, and the survivor of either, their heirs and assigns, the following described premises" and then follows the description of the real estate here involved. And further in said deed in the habendum clause the following words appear "To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging, unto the said grantees, and the survivor of either, their heirs and assigns forever."

The only question before the court is as to the title of the real estate in question. Is the entire title in fee simple in Florence G. Dennis, or does she have an undivided one-half interest, and the other undivided one-half interest belong to the estate of Alvin T. Dennis?

It is claimed by the counsel on one side that under the law of Ohio there can be no joint tenancy, and they rely upon the cases of *Sergeant* v. *Steinberger,* 2 Ohio, 305, *Wilson* v. *Fleming,* 13 Ohio, 68, *Miles* v. *Davis,* 10 Ohio, 1.

We have read those cases with interest, and to fully understand them we must keep in mind the nature of estates in real estate as known to the common law. It clearly appears to us that "estates in joint tenancy" referred to in Ohio was such an estate as known to the common law, and nothing more. In an estate of joint tenancy at common law survivorship was an incident, and under the deed survivorship is an act of the grantor.

Can it be said that an estate by a survivorship is contrary to the law of Ohio when created by the act of a party, or by deed, as distinguished from the right of survivorship arising by operation of law out of a joint tenancy?

In *Tabler* v. *Wiseman,* 2 Ohio State, 208, the Supreme Court decided,

"As joint tenancies, with the common law incidents, do not exist in this state, and there is no substantial difference between coparceners and tenants in common, where the lands descend to all the children equally, even the technical distinction between them may be considered as abolished."

And Judge Ranney discusses the various estates known to the common law and their incidents.

In *Taylor* v. *Foster's Admr.* 22 Ohio State, 255, a will was considered, and under the provisions there under consideration the court said, on page 268;

"Each had a life estate certain, with the prospect of its ripening into an unlimited fee of one-half on having issue, or of the whole on surviving the other dying without issue."

It does seem to us that this reasoning has an application in this case.

In *Collins* v. *Collins,* 40 Ohio State, 353, the court on page 362, in substance, recognized the right of survivorship when created by will. And in the case of *Lewis* v. *Baldwin,* 11 Ohio, 352, the Supreme Court decided:

"A conveyance to A. and B., and their heirs, and to the survivor of them, and to the heirs of such survivor, vests in the survivor an estate in fee."

So that we believe it to be well established that if the language here used shows an intent to create a fee simple in the survivor of either of two grantees, then the court has no right to defeat the intent and purpose of the grantor so expressed by construction alone.

The counsel for exceptors claim the application of the rule in Shelley's case. This rule has been much discussed and has given rise to much confusion. See Kent's Commentaries, Vol. 4, 215; 29 L. R. A. (N. S.) 965, Note. This note or annotation covers over two hundred pages, with a collection of the various authorities and the historic development of this well known and much abused rule. It was applied in A. D. 1325, and at various times gave rise to such bitterness and feeling among the Bench and the Bar as to divide them into "Shelleyites" and "Anti-Shelleyites."

Much of the confusion in the application of the rule arises out of the determination whether or not in the limitation included in the instrument under consideration the word "heirs" as therein used is to be applied as a "word of limitation" or as a "word of purchase." The real reason for the adoption of the rule does not seem to be known except that it is a rule of great antiquity and much obscurity. Various reasons have been given. In Devlin on Deeds, Volume 2, page 1542, the rule in Shelley's case is discussed, as well as the application made in the various cases and jurisdictions, and reading this author's consideration we believe that it is the law, and that the whole instrument should be considered, and if the intention of the testator is apparent, and if from the language of the deed the intention of the grantor appears otherwise, then the rule does not apply.

The language in the deed under consideration is not as specific as it might have been created, and yet the rule in Shelley's case is not a rule of construction that would compel us to thwart the intention of the grantor, and the insertion of the words "and the survivor of either" in the granting clause as well as in the habendum clause of this

deed, makes it apparent to us that the grantor intended just what he said, and that these words appearing at the place they do takes this case out of the application of the rule in Shelley's case and does not do violence to the law of Ohio as established by the decisions of our courts.

We note that counsel in their brief in construing some of the cases to which we have referred, *Taylor* v. *Foster's Admr.* 22 Ohio State, 255, and the case of *Collins* v. *Collins, supra,* claim that the language under consideration on those cases is very different than the language here under consideration. We will grant that to be true, but the principle there followed is that when the language shows a survivorship, then the right of survivorship is to be recognized. If the words of survivorship were not included in this deed then we could not hold as we do.

We have arrived at the conclusion that the exceptions should be overruled and are not well taken. We have arrived at this conclusion after giving full and careful consideration to the very able briefs filed by counsel, reading of the authorities cited in the briefs, and by further research, and upon consideration and meditation of the rule in Shelley's case.

The survivorship of a fee simple estate in the whole lot exists by virtue of the act of the party (grantor) clearly expressed and not as an incident of joint tenancy.

An entry may be prepared in accordance with this opinion.